May it please the court, my name is Todd Leventhal and I represent the appellant David Klucka. The issue here is whether Mr. Klucka's Sixth Amendment right to counsel was violated when he, as a pro se defendant, was not privy to a sidebar between his then standby counsel, the government counsel, and the judge. And the facts of this case have... Why do you say he wasn't privy to it when his counsel represented that he had talked to him and that he wanted him to appear? And then the judge asked him if he had comments and he was able to comment. Well, that was prior to the jury actually coming in, in the facts of the case. Go ahead. And prior to the jury actually coming in, that is correct. His standby counsel stood up and told the judge that Mr. Klucka would like me to argue this. However, as you read on further, Mr. Klucka then made an objection. He actually says to the judge, he says, I would like to disagree. The judge then at that point said, you'll be given a chance, Mr. Klucka. You'll be given a chance. I believe that revived his sentiment that he wanted to argue this. This issue on whether or not the judge was going to sit in judgment on these two new charges were very central to his entirety. Because remember, this case, he got a hung jury the first time when he represented himself and had standby counsel. The second go-around when they went after him, they added two new charges, which the judge decided to go ahead and sit as the trier of fact on the two new misdemeanor charges. So I believe he revived that by saying, Judge, I disagree, and the judge then says, you'll be given a chance to argue. That is important.  What exactly is that in the record? That is in the record on page, excuse me for a minute. That's on page 47 of the transcripts. It says, the court, okay, as a legal matter counsel, you do not disagree with the government's position that is discretionary. The defendant, I would like to disagree with that, not to. And then it says the court, well, no, he is speaking. You'll be given an opportunity. And on page 48, he was given the opportunity. That's correct. He was given the opportunity. What's the problem? Well, the problem is, is the judge never made a ruling at that time. The judge withheld his ruling until after the trial, and that's when his standby counsel went to sidebar. And we don't know what was said to Mr. Kluka. When counsel went to sidebar, it might have been, hey, I'm just going to go see if the judge made a ruling. Well, standby counsel then argues even further. Well, Mr. Kluka has been conducting the defense. That's correct. Does he stand up and walk to sidebar? Does he object if anything's happening without him? Does he ever say anything? Well, remember, Mr. Kluka was at a table where he was still in custody. He had two marshals behind him. Does he get up and does he just go on his own to the sidebar with two marshals behind him? Well, he had up and go ahead. Well, he had spoken up before, and he had had a chance to then speak. Certainly he made all of the objections during the trial. He conducted cross-examination. He conducted his opening. He had expressed his disagreement earlier, and then his lawyer goes on up to sidebar and he says nothing. That's correct. However, and it's our contention that had he known, because we don't know what he knew, we don't know what his sidebar counsel told him, had he known that his counsel was going to go and make further argument on the matter. This was not like the same. But can't we infer from the silence that he did know or at least he acquiesced? I don't. Maybe from his silence because I don't believe Mr. Kluka was silent at all during his entire trial. I mean, he did object. So I don't believe he would have been silent. So I don't believe we can get to that. Isn't the more logical inference for the fact that he did object suggest if he didn't object, he didn't have an objection. But he did have an objection when before the jury was brought in and they were arguing this matter, he certainly had an objection then when he said I disagree. Well, he wanted to stay at his peace. Although, frankly, when I looked at what he said, he didn't disagree in substance with what his counsel did say. He took the same position. But he's not shy about asserting his rights. So why should we infer that silence means that he was being oppressed or restrained somehow? Well, and certainly I would agree with you. However, going to a sidebar is something different than standing up and saying I object when there's some evidentiary ruling happening. Here, his counsel, his sidebar, his side counsel got up, government counsel got up and they scurried off to the sidebar. If Mr. Kluka had done that with two marshals sitting behind him, he would have been trampled. I don't think he would have stood up and said may I join, Your Honor. Certainly he could have. He could have stood up and said I object to something proceeding without me. Or the judge could have said, Mr. Kluka, you're more than welcome to come over to sidebar as well. There could have been that. I'm not sure why the ball's in the judge's court on that. If the judge has already been informed that he wants counsel to argue this issue when he says he wants to speak separately, but speak separately saying basically the same thing as counsel had said, why should the judge infer that counsel's been disavowed? But counsel came back with a new argument. If you remember, counsel came back with what he claimed was some case law that was directly on point and wanted to argue that point. And he wasn't prepared to argue it at sidebar. Remember, he came back, he said, Judge, well, we have a chance to argue. He said, well, you've made a record. Go ahead and make it again. So Mr. Kluka wasn't given that opportunity to go back to sidebar and reiterate his argument or try to change the judge. This was central to his – this was central. This was not as if, like on the second sidebar where we had just a video on how to play it. This was central to it. And he says it. Has there been any suggestion that he had something different to say? No. There's no suggestion to that. So the only prejudice that might flow from this is whatever image is left that somehow he's not in control of things. Is that it? That's correct. Absolutely. And given that he's conducting all the cross-examination, making all the objections, how's the jury left with the impression that somehow on this issue he's been displaced and it doesn't count? Well, he had a right to be a part. He was his own attorney. He was a pro se defendant, and he had a right to every critical stage. And that is a critical stage to argue this point. Any pro se defendant has the right to be present at a critical stage, but the right has to be asserted. And he didn't assert that right. He didn't do anything to suggest that he should be included in this conference. I'm not sure why we should infer that there was an objection lodged when none was actually stated. And there was nothing in the record to suggest that he knew what was happening behind sidebar. There's nothing to suggest that he knew that further argument was going to take place on this issue. It's my contention, our contention, that at that point, Your Honor, he maybe was told, hey, I'm going to go see if the judge had ruled on this. And that was it. No further argument. But the judge at sidebar said clearly, if you have anything more to say, say it now. Okay, let me go get my case. Brought it back and started to argue it. I would like to reserve some time. This is re-argument. The motion had already been considered and heard by the judge. So it's a slightly different posture than if he had not been able to argue at all, wouldn't you agree? And I would agree. However, the judge had not ruled on it yet. So there was still further argument that was taking place. I agree that they had argued it. He said his piece. However, when new argument then arises, I believe that Mr. Kluka had a right to be present. It was a critical stage, and he had a right to say his piece on something that was as central as this, on whether he thought he was getting a fair shake. And he says, even right after this, he said, Judge, this is why I need a jury to decide this, because every time I speak, I'm not allowed to finish a sentence. That's in the transcript right after. This was central to it. He wanted this to go to a jury. He had gotten a hung jury before. He felt like he was going to get a little bit more. Remember, this is the judge. This is this. You're not complaining that he was not able to say whatever he wanted to say to the jury, was restrained in any fashion in examining a witness? The complaint is limited to not being able to speak for himself at sidebar, but you've acknowledged he had nothing different to say. There's not alleged to be any prejudice based on what happened at the sidebar conference. So I'm kind of hard-pressed to figure out what the prejudice from here is. I don't get that from the record, that he didn't have anything else to say on the matter. I don't know. We don't know. He wasn't given the chance. You're not complaining about that ruling. You're not offering up anything he would have said that would have affected the ruling that was made on the issue being raised at sidebar. There's not an appeal on that subject before us. The only complaint is his failure to be present during the conference and the possible impact on the jury. Is that the case? That's the case. Thank you, counsel. Thank you very much. Good morning. May it please the Court. Adam Flake for the United States. I would just like to point out one sentence from the McCaskill case. I'm sure the Court is familiar with it, but it says, Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be within the defendant's acquiescence. At least until the defendant expressly and unambiguously renews his request that standby counsel be silenced. And I would submit to the Court that there is no express and unambiguous request on Mr. Kluka's part that his counsel be silenced. And in the absence of such a request, the district court was well within its discretion in allowing counsel to come to sidebar. If the Court has any. Well, from the jury's perspective, they didn't know what was going on. So it wasn't as though they could draw the inference somehow the lawyer had taken over the entire case or was otherwise significantly intruding into the defendant's right to represent himself, correct? That's correct, Your Honor. And this sidebar that's at issue happened at the very end of trial, after the last witness had already been excused. The jury was still in the room, but it wasn't like it took over the trial by any means. If there are no further questions, I'll. Any further questions? Okay. Thank you. Thank you. Rebuttal. Just briefly. And I would go back to whether or not he renewed that objection. And it's our stance that he renewed the objection when his standby counsel stood up and said, I'm going to argue this. Mr. Kluka then objected to it and was told he'll be given a chance. And that was outside the presence of the jury? That's correct. The jury had not. And then later the sidebar was in the presence of the jury, correct? That's correct. When the issue came up again. And what about the sidebar would have caused the jury to think, oh, wait a minute, who's in charge here? This guy, the defendant, or the lawyer? I think the fact that he sat there and didn't go to a sidebar when counsel, both his counsel, standby counsel, and the government's counsel rushed to a sidebar, him sitting there would prejudice the ---- But the jury doesn't have a clue what they're talking about. That's the whole point of a sidebar. So the jury doesn't know. They could have been talking about adjourning. They could have been talking about the timetable for argument and charging and so forth. There's two types of prejudice. There's an actual prejudice that takes place where they would know what was talked about. But then there's the inference where he's sitting there and everybody, there's a perception. And I think it's the perception that we need to look at just as much as we do the actual. Certainly they didn't know the substance. But the perception is, is that he was not in control because the attorneys were running back to a sidebar. So the perception is there. Even though they didn't know the substance of what was said, I think the perception is there. Because while there's a sidebar, there's quiet in the courtroom, jurors are sitting there looking at him. What, if anything, did the lawyer otherwise do during the trial in the presence of the jury? Very little, if anything at all. He was, he had nothing to do with it. And that's why I, that's why I think that bolsters my argument that shows that Mr. Kluka wanted to handle his own trial. That's why he wanted to do what he was doing. Well, the fact that he didn't object at the time means that we review this for plain error. You'd agree? I, I would not because I, you know, this is, this is something weightier than Alfred which, which suggests that it would be plain error. There it's just some legal objection. This is, you know, this is the right to be involved in his, every critical stage. So I would, I would actually suggest that this is the McCassell standard, which the deprivation or denial of self-representation is either respected or denied. Well, how do you respond to the quote that government counsel just read to us? Well, I, I would say that, and again, that I believe he revived his objection when he said, I object to this. And the judge said, you'll be given an opportunity to be heard prior to the jury. Right. But then he did, he did give him an opportunity to be heard. And then all the events you're talking about happened subsequently to his statement. That's correct. Okay. Very good. Thank you very much, Your Honor. Thank you very much for your argument.
judges: Carr, Thomas, Clifton